IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR No. 0:99-659 |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| Shon Conner Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for a Writ of Error Coram Nobis filed July 19, 2005. Because Defendant challenges the validity of his conviction and sentence, the court construes the motion as a second or successive petition under 28 U.S.C. § 2255 which petition is **dismissed**.[1]

The court is cognizant of the Fourth Circuit's directive that notice be provided to a petitioner of the court's intention "to convert[ ] a prisoner's mislabled or unlabeled post-conviction motion into the movant's *first* § 2255 motion . . . ." *United States v. Emmanuel*, 288 F.3d 644, 646 (4th Cir. 2002) (emphasis added). Though the *Emmanuel* court did find that a district court must provide notice before construing a mislabeled prisoner filing as a § 2255 petition, *see id.* at 649-50, the court also declared such notice unnecessary if no potential adverse consequences occur to the prisoner as a result. *See id*. In this case, Defendant's claims are precluded as they are either successive in nature or procedurally barred. Defendant has provided no showing of cause why these claims were not raised in Defendant's initial petition under § 2255 (*Williams v. United States*, D.S.C. C/A No. 0:02-4012-CMC) aside from self-serving, unsubstantiated claims of ineffective assistance of counsel, nor

---

[1] It should also be noted that a writ of error coram nobis is available only to those individuals who have completed their sentences and have no other recourse for challenging their conviction. *See United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). Defendant has not completed service his sentence.

has he provided any credible showing of his actual innocence. Therefore, no adverse consequences befall him if this court construes the motion as a second petition under § 2255.

Additionally, Defendant's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in this court is fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, a defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Defendant has not done, and as a consequence, this court is without jurisdiction to consider this petition.

IT IS THEREFORE ORDERED that Defendant's motion for writ of error coram nobis, construed as a second petition under 28 U.S.C. § 2255 is **dismissed**.

**IT IS SO ORDERED**.

        s/ Cameron McGowan Currie
        CAMERON McGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 19, 2005

C:\temp\notesFFF692\99-659 US v. Williams e denying motion for writ of error coram nobis.wpd