IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR No. 0:99-659 |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| Shon Conner Williams, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's *pro se* motion for "Relief from the Operation of the Judgment Pursuant to Fed. R. Civ. P. Rule 60(b)(6)." Dkt. # 494 (filed Oct. 30, 2009). Defendant contends that this court failed to address a Motion to Amend his § 2255 Petition, filed in June 2003. The Government has not responded to Defendant's motion.

Rule 60(b)(6) states in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reasons justifying relief from the operation of the judgment." Rule 60(b)(6) provides the court the discretionary power to vacate judgments whenever such action is appropriate to accomplish justice and where relief might not be available under any other clause in 60(b). *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999). While the Fourth Circuit has described Rule 60(b)(6) as serving as the court's "grand reservoir of equitable power to do justice in a particular case[,]" *National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir.1993) (internal quotation marks omitted), a Rule 60(b)(6) motion may not be granted "absent extraordinary circumstances." *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004).

In the Order filed December 17, 2003, this court specifically found that Defendant's motion to amend was mooted by the granting of summary judgment to the Government. Order at 6 (D.S.C.

Civil Action No. 0:02-4012-22) (filed Dec. 17, 2003).[1] Therefore, Defendant's contention that these grounds for relief are still pending is without merit.

Moreover, Defendant's circumstance presents no "extraordinary circumstances" which warrant granting him relief under Rule 60(b)(6). First, Defendant's almost six-year delay in filing this motion is not within the "reasonable time" contemplated by Fed.R.Civ.P. 60(c)(1). *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535 (4th Cir. 1991) (affirming district court decision that three month delay between judgment and Rule 60(b) motion not reasonable); *Wadley v. Equifax Information Services, LLC*, 296 Fed. Appx. 366, 368 (4th Cir. 2008) (affirming district court's determination that two-year delay in filing Rule 60(b) motion not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (upholding district court's determination that unexplained one-year delay between judgment and Rule 60(b) motion was not reasonable); . Additionally, while Defendant appealed this court's § 2255 ruling, both this court and the Fourth Circuit Court of Appeals denied Defendant a certificate of appealability. Finally, Defendant's other challenges to his conviction have been repetitive, scattered, and unsuccessful. Yet in none of these prior filings does Defendant mention this alleged failure to address outstanding claims for relief.

In sum, Defendant falls far short of demonstrating the exceptional circumstances necessary to obtain the extraordinary relief provided by Rule 60(b). Therefore, Defendant's motion is **denied**.

---

[1] Defendant is correct that the Order filed December 17, 2003, indicates that Defendant pleaded guilty to Counts Thirteen and Fourteen of the Indictment. However, this is a scrivener's error, as Defendant's Judgment Order clearly indicates he was sentenced based upon his plea to Counts Thirteen and Fifteen. *See* Judgment and Commitment Order (Dkt. # 277, filed April 7, 2000).

2

**IT IS SO ORDERED**.

                                                  s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 23, 2009