IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:99-659-CMC |
| v. | **OPINION AND ORDER** |
| Shon Connor Williams, | |
| Defendant. | |

Defendant filed a *pro se* motion in this court pursuant to 28 U.S.C. § 2255.[1] ECF No. 598. The Federal Public Defender thereafter filed a supplemental motion, challenging Defendant's conviction for a violation of 18 U.S.C. § 924(c). ECF No. 603. The Government filed a response in opposition and a motion for summary judgment. ECF Nos. 630, 631. Defendant, though counsel, filed a response in opposition to the Government's motion. ECF No. 637.

**I.     Background**

On July 14, 1999, Defendant was charged with the following counts: conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(b)(3); conspiracy to use, carry and brandish firearms during and in relation to, and possess firearms in furtherance of crimes of violence, specifically Hobbs Act Robbery, in violation of 18 U.S.C. §§ 924 (o); four counts of Hobbs Act Robbery, in violation of § 1951; and four counts of knowingly using, carrying, brandishing, and discharging a firearm during and in relation to a Hobbs Act Robbery, in violation of 18 U.S.C. § 924(c). ECF No. 1 (Counts 1, 2, 7, 8, 9, 10, 12, 13, 14, and 15).

---

[1] Defendant received permission from the Fourth Circuit to file a second or successive § 2255 motion. ECF No. 597.

On November 12, 1999, Defendant pled guilty to Counts 13 and 15 of the Indictment: two counts of § 924(c) brandishing in relation to Hobbs Act Robbery, one of which took place on April 21, 1999, and the other on April 29, 1999. ECF No. 213. Judgment was entered on April 7, 2000. ECF No. 277. Defendant was sentenced to a total term of 360 months, consisting of 60 months as to Count 13 and 300 months as to Count 15, consecutive. *Id.* A reduction in sentence was granted pursuant to Rule 35(b) on November 13, 2001, reducing Defendant's total term to 348 months: 60 months as to Count 13 and 288 months as to Count 15, consecutive. ECF No. 372. Defendant appealed his sentence and conviction, and the Fourth Circuit affirmed. ECF No. 377. A second Rule 35(b) reduction was granted on November 18, 2008, reducing Defendant's total sentence to 288 months, 60 months on Count 13 and 228 months on Count 15. ECF No. 435.

## II.     18 U.S.C. § 924(c)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).[2]

A "drug trafficking crime" for purposes of § 924(c) means "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). The statute defines a "crime of violence" as:

an offense that is a felony and –

---

[2] If the firearm is brandished, the person shall be sentenced to a consecutive term of imprisonment of not less than 7 years, and if discharged, not less than 10 years. *Id.* at (ii)-(iii).

2

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[3]

18 U.S.C. § 924(c)(3).

### III. Discussion

Defendant argues the substantive Hobbs Act Robberies cannot serve as predicates for his § 924(c) convictions, as they are not "crimes of violence" as defined in § 924(c)(3)(A) or (B). ECF Nos. 598, 603. He also, through his attorney, attempts to argue his plea was invalid because he admitted guilt pursuant to the residual clause of § 924(c), which is void under *Johnson*. ECF No. 603. The Government has moved for summary judgment, arguing Defendant's claim was waived, is untimely, and fails on the merits as Hobbs Act Robbery is categorically a crime of violence under the force clause. ECF No. 630. Defendant responded, arguing his motion was timely as it was filed within a year after *Johnson*, the waiver should not be enforced, and Hobbs Act Robbery is not a crime of violence. ECF No. 637.

The Hobbs Act Robbery statute, 18 U.S.C. § 1951(a), (b)(1), prohibits "obstruct[ing], delay[ing,] or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ." § 1951(a). It defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or

---

[3] § 924(c)(3)(A) is known as the "force clause" or "elements clause" (referred to herein as the force clause) and § 924(c)(3)(B) is known as the "residual clause."

3

threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." § 1951(b)(1).

The overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A). While the Fourth Circuit has not yet addressed the issue[4], all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A). *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-56 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016) (brandishing in § 924(c) is a crime of violence); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 Fed. Appx. 466, 467-68 (9th Cir. 2016).[5]

---

[4] The Fourth Circuit has held armed bank robbery and federal carjacking to be crimes of violence for purposes of the § 924(c) force clause. *See United States v. Evans,* 848 F.3d 242, 247-48 (4th Cir. 2017) (holding "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)."); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (A taking by "force and violence, or by intimidation," satisfies the force clause of § 924(c)(3)(A) because "to qualify as intimidation, the degree of 'force' threatened must be violent force – that is, force capable of causing pain or injury.").

[5] The Supreme Court recently decided Florida robbery, requiring use of force sufficient to overcome a victim's resistance, even if that force is "slight," categorically qualifies as a predicate offense under § 924(e), as overcoming resistance is inherently "violent." *Stokeling v. United States*, __ U.S. __, 139 S. Ct. 544, 553 (2019).

This court agrees with the circuits holding Hobbs Act Robbery qualifies as an underlying crime of violence for purposes of § 924(c)(3)(A). Therefore, Defendant's substantive § 924(c) convictions properly rest upon his substantive Hobbs Act Robbery charges committed the same days.[6]

Defendant also argues Hobbs Act Robbery fails to qualify under § 924(c)(3)(B) because "there is not a substantial risk that physical force against the person or property of another may be used in the offense," and because "the residual clause is unconstitutionally vague." ECF Nos. 602 at 4, 603 at 1. Cases presenting this issue were held pending *Sessions v. Dimaya*, 584 U.S. __, 138 S. Ct. 1204 (2018), and then *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). The Fourth Circuit in *Simms*, in an 8-7 *en banc* opinion, found the residual clause in § 924(c)(3)(B) void for vagueness. However, because the Supreme Court agreed to consider that issue in *United States v. Davis*, No. 18-431, the Fourth Circuit has stayed the mandate in *Simms* pending *Davis*.

Should the Supreme Court agree with the Fourth Circuit in *Davis*, Defendant's challenge based on § 924(c)(3)(B) would succeed. However, because the challenge based on § 924(c)(3)(A) fails, his § 924(c) convictions stand.[7]

---

[6] The Government has also argued that Defendant's § 2255 motion should be dismissed as untimely and/or because it was waived in his plea agreement. However, the court need not reach these arguments, as it has determined that Defendant's convictions for § 924(c) stand.

[7] Defendant further contends his plea may be invalid because he was given a definition of "crime of violence" encompassing the residual clause of § 924(c)(3)(B) at his plea hearing. ECF No. 603 at 2-4. However, the definition also included the force clause of § 924(c)(3)(A), ECF No. 603-1 at 19, and this court has determined Hobbs Act Robbery to be a crime of violence under the force clause. Therefore, this portion of Defendant's argument also fails.

5

## IV. Conclusion

Defendant's challenge to his convictions under § 924(c) fails because each § 924(c) conviction is predicated on substantive Hobbs Act Robbery, a crime of violence under the force clause of § 924(c)(3)(A). The Government's motion for summary judgment is granted and Defendant's § 2255 motion is hereby **dismissed with prejudice**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 6, 2019